BENJAMIN F. COBB, PLAINTIFF IN ERROR, V. THE CITY OF LINCOLN, DEFENDANT IN ERROR.

**Cities of the Second Class:** FEES OF POLICE JUDGES. Cities of the second class are not liable for the fees of police judges where, for non-payment thereof, violators of city ordinances are required to work, as provided in Sec. 31 of the act incorporating such cities.

ERROR to the district court for Lancaster county. Heard below before POUND, J.

*R. D. Stearns,* for plaintiff in error.

*A. C. Ricketts,* for defendant in error.

LAKE, CH. J.

This is a petition in error from Lancaster county. The ruling complained of was in the sustaining of a general demurrer to the petition. The question thus presented is, simply, whether there is any liability on the part of the city to the police judge, for fees adjudged by him against violators of city ordinances, which he is unable to collect from them in money in these cases where, for non-payment thereof, they are required to work, as provided in sec. 31 of the act incorporating cities of the second class, Comp. Statutes, chap. 14. One of the provisions of this section is, that whenever a defendant is committed " for the non-payment of a fine or costs for the violation of any ordinance, he shall also be put to work for the benefit of the city, and shall be credited on such fine and costs $1.50 per day, for each day he shall work."

The only other provision of statute bearing directly upon this subject is sec. 8 of the same act, which provides that, "The police judge shall receive the same fees as justices of the peace for similar services."

It is urged by counsel that this provision, especially when taken in connection with the one first quoted, imports not only that the *measure* of this officer's compensation is the same as that provided for justices of the peace, but also that he shall in all cases *receive it*, if not from persons adjudged to pay it, then from the city whose officer he is.

But we cannot adopt this as a proper construction of the section. It seems to us, that if the design of the legislature had been to impose such costs upon cities, against their will, it would have been expressed in unmistakable language. The terms here employed, under the accepted rule of construction that the words of a statute must be given their ordinary meaning, where it is not clear that a different one was intended, have no such meaning. They convey no

such intention. "The police judge shall receive the *same* fees," etc. As ordinarily understood, the word "same," when used as it is here, in comparison, means, "Of like kind, species, sort, dimensions, or the like; not differing in character, or in the quality or qualities compared; corresponding; not discordant; similar; like."—Webster. As here used, it has special reference to the amount of compensation to be charged and paid for particular services, and not to the source from whence it should come.

And sec. 31, instead of supporting the claim of the plaintiff, rather tends to confirm the view that these judges must look alone to defendants for the costs which they are adjudged to pay, for if they fail to pay them in money, and are compelled to discharge them by labor, it shall be " for the benefit of the city," and not for that of the judges.

Both fines and costs imposed upon offenders, for compelling payment of which, in money, when the parties can make it, efficient means are provided, are designed simply for their punishment. So, too, are the imprisonment and labor which the law requires in lieu thereof. This enforced labor was not designed as a source of revenue or profit merely to the city, nor as a means of raising the funds necessary for the payment of the fine to the school fund, and the costs to those entitled to them, but to prevent impecunious offenders from escaping punishment altogether.

The credit of one dollar and fifty cents per day, given to the delinquent upon the judgment, has no particular reference to the real value of his labor, for that may be considerably above or below that amount, depending, as it must, upon such a variety of attendant circunstances. Indeed, it may, we think, be safely asserted, that such labor is practically of but very little, if any real benefit to the city, beyond the expense of keeping the prisoner while performing it. The credit was intended simply to graduate the punishment, in all cases alike, that must follow the non-payment, in whole or in part, of the adjudged fine and costs.

We discover no intention on the part of the legislature to require payment by cities for this sort of labor.

JUDGMENT AFFIRMED.

THE other judges concur.